JON M. SANDS
Federal Public Defender
KEITH J. HILZENDEGER #023685
Assistant Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
(602) 382-2700   voice
(602) 382-2800   facsimile
keith_hilzendeger@fd.org
*Attorneys for Petitioner Chesmore*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Doyal Chesmore,<br><br>Petitioner,<br><br>vs.<br><br>David Gonzales, United States Marshal for the District of Arizona;<br><br>U.S. Bureau of Prisons, Designation and Sentence Computation Center; and<br><br>Charles L. Ryan, Director of the Arizona Department of Corrections,<br><br>Respondents. | No.<br><br>**Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241** |

Petitioner William Chesmore is challenging the lawfulness of the detainer lodged by respondent David Gonzales, U.S. Marshal for the District of Arizona, with respondent Charles Ryan, Director of the Arizona Department of Corrections, at the direction of respondent Designation and Sentence Computation Center of the U.S. Bureau of Prisons. If it is executed, the detainer will result in Mr. Chesmore's future custody in federal prison after he finishes serving a sentence in the custody of the Arizona Department of

Corrections. Mr. Chesmore contends that this future custody is unlawful for two reasons. First, he has fully served the revocation sentence imposed by the United States District Court for the District of Arizona, and thus the detainer is unnecessary. Second, because Mr. Chesmore has fully served that sentence, the Bureau of Prisons's Designation and Sentence Computation Center is illegally refusing to exercise the discretion it enjoys under 18 U.S.C. § 3621(b) and its own policies to designate the Arizona Department of Corrections as the place for service of the revocation sentence. Mr. Chesmore is asking the Court to declare this future custody illegal and direct the respondents to take all necessary steps to quash the detainer.

**Factual Background**

1. On March 26, 2008, a federal grand jury in Tucson, Arizona, indicted Mr. Chesmore on one count of possession of 62.7 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a) and (b)(1)(B), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (AZD No. 08-378 Dkt. #5)[*]

2. To settle these charges, Mr. Chesmore and the government entered into a plea agreement. He agreed to plead guilty to those charges in exchange for a stipulated total prison sentence of 106–117 months in prison. (AZD No. 08-378 Dkt. #16 at 1–

---

[*] In this document, citations to "AZD No. 08-378" refer to the record of the criminal case in this Court, *United States v. William Doyle Chesmore*, No. 4:08-cr-378-TUC-FRZ, out of which the custody that Mr. Chesmore is challenging in this petition arises. These documents are available on PACER, and Mr. Chesmore asks the Court to take judicial notice of these documents pursuant to Fed. R. Evid. 201. *See Johnson v. Uribe*, 700 F.3d 413, 423 n.4 (9th Cir. 2012).

2) At a hearing held before a magistrate judge on November 21, 2008, Mr. Chesmore pleaded guilty pursuant to this plea agreement. (AZD No. 08-378 Dkt. #14)

3. On March 9, 2009, district judge Frank Zapata accepted the stipulated-sentence plea agreement and imposed a total sentence of 106 months, consisting of 46 months on the drug count followed by 60 months on the § 924(c) count. (AZD No. 08-378 Dkt. #24) He also imposed a five-year term of supervised release.

4. Mr. Chesmore was released from federal prison on February 24, 2016, and began serving the five-year term of supervised release on that day. (AZD No. 08-378 Dkt. #26)

5. On January 30, 2017, the U.S. Probation Office moved to revoke Mr. Chesmore's supervised release. The probation office alleged that he had illegally used drugs and failed to appear for required treatment sessions and drug testing, in violation of the supervision conditions imposed by Judge Zapata. (AZD No. 08-378 Dkt. #26) The court issued a warrant for Mr. Chesmore's arrest that same day. (AZD No. 08-378 Dkt. #30)

6. While the warrant was outstanding, Mr. Chesmore was accused in Cochise County Superior Court of possession of heroin, in violation of Ariz. Rev. Stat. § 13-3408(A)(1). This offense took place on May 7, 2017, and Mr. Chesmore was arrested that same day and held in the county jail pending resolution of that charge. Mr. Chesmore pleaded guilty to this offense. On November 27, 2017, Mr. Chesmore was sentenced to 2½ years in state prison, with 204 days credit for time served (back to May 7, 2017). (AZD No. 08-378 Dkt. #53-2 at 4)

7. The state sentencing judge issued two directives about the sequence of that sentence with respect to any sentence that Mr. Chesmore would receive from Judge Zapata upon revocation of supervised release.

   a. The state judge ordered that "any time that is to be served in the future by the Defendant on any sentence that he receives in U.S. District Court case number CR08-00378-001-TUC-FRZ is to be applied toward this sentencing imposed this date." (AZD No. 08-378 Dkt. #53-2 at 4)

   b. The state judge also ordered that "this sentence shall run CONCURRENTLY with any sentence as yet to be imposed in the same U.S. District Court case number CR08-00378-001-TUC-FRZ. This decision shall be ultimately made by the U.S. District Court." (AZD No. 08-378 Dkt. #53-2 at 4)

8. The state judge then ordered Mr. Chesmore released from state custody into the custody of the U.S. Marshal, pursuant to the arrest warrant issued by the federal court. (AZD No. 08-378 Dkt. #53-2 at 6) The arrest warrant as returned executed and entered on the docket in Mr. Chesmore's federal case indicates that Mr. Chesmore was transferred to federal custody on November 28, 2017, when a deputy U.S. Marshal picked him up from the Cochise County Jail. (AZD No. 08-378 Dkt. #30)

9. Mr. Chesmore had an initial appearance before a magistrate judge on the supervised-release revocation warrant on November 29, 2017. (AZD No. 08-378 Dkt. #31) He was ordered held in federal custody pending disposition of the petition to revoke.

10. On April 11, 2018, Judge Zapata revoked Mr. Chesmore's supervised release and sentenced him to 6 months in federal prison, with no further term of supervision to follow. (AZD No. 08-378 Dkt. ##48, 49) Judge Zapata did not indicate whether this sentence would run concurrent with or consecutive to the sentence imposed by the state judge on the possession-of-heroin charge. *Cf. Setser v. United States*, 566 U.S. 231 (2012).

11. Mr. Chesmore remained in the custody of the U.S. Marshals Service until June 19, 2018. According to Mr. Chesmore's online inmate profile with the Arizona Department of Corrections, he was received into custody on that date to begin serving the 2½-year sentence imposed by the Cochise County Superior Court. Two days later, the U.S. Marshals Service lodged a detainer with the Arizona Department of Corrections, referencing the docket number in Mr. Chesmore's case with Judge Zapata. On information and belief, the U.S. Marshals Service lodged this detainer at the request of the U.S. Bureau of Prisons Designation and Sentence Computation Center.

12. Mr. Chesmore is scheduled to be released from state prison on June 28, 2019. On that date, if the detainer lodged by the U.S. Marshals Service is executed, the Department of Corrections will hand Mr. Chesmore over to federal officials so that he may serve the 6-month revocation sentence imposed by Judge Zapata.

13. Believing that he had fully served the revocation sentence, on November 23, 2018, Mr. Chesmore filed a motion with Judge Zapata asking him to quash the detainer lodged by the U.S. Marshals Service with the Department of Corrections. (AZD No. 08-378 Dkt. #52) As an alternative request, Mr. Chesmore asked Judge Zapata to order that the revocation sentence would run concurrent with the state sentence

5

he was already serving. (AZD No. 08-378 Dkt. #55 at 5) Judge Zapata denied both of these requests, believing that he had no authority to award Mr. Chesmore credit toward the revocation sentence for time spent in state custody. (AZD No. 08-378 Dkt. #56 at 2)

14. On January 11, 2019, Mr. Chesmore's counsel wrote a letter to Paul Irby, Esq., of the Designation and Sentence Computation Center of the U.S. Bureau of Prisons.

   a. Under 18 U.S.C. § 3621(b), the Bureau has the authority to determine the place where a federal defendant serves a sentence imposed by a federal judge. The Bureau interprets this statutory authority as allowing it to choose a state prison as the place for serving a federal sentence. *See Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990); *see also Reynolds v. Thomas*, 603 F.3d 1144, 1150 (9th Cir. 2010), *overruled on other grounds by Setser v. United States*, 566 U.S. 231 (2012).

   b. The Bureau has adopted a policy for considering requests by federal defendants for designations of state prisons as the place of service for a federal sentence. Under this policy, the Bureau must "ask the federal sentencing court if it has any objections to such designation." *Reynolds*, 603 F.3d at 1150; *see also* Program Statement 5160.05, *Designation of State Institution for Service of Federal Sentence* ¶ 9(b)(4)(C) (Jan. 16, 2003).

   c. In this letter, invoking ¶ 9(b)(4) and the Bureau's statutory authority under § 3621(b), Mr. Chesmore asked the Bureau for a *nunc pro tunc* designation of the Arizona Department of Corrections as the place for serving the revocation sentence imposed by Judge Zapata. (AZD No. 08-378 Dkt. #58-1) Mr. Chesmore explained his view that because he had spent more than

        six months under the primary jurisdiction of federal officials in connection with the revocation proceedings, he had fully satisfied the six-month revocation sentence imposed by Judge Zapata.

15. The Bureau responded six days later. (This response is attached as Exhibit A.) It said that it was not authorized by statute to award credit toward the revocation sentence for time spent in state custody. And because Judge Zapata did not order that the two sentences run concurrently, the Bureau said that it could not implement the revocation sentence to commence "prior to the date he is released to the exclusive custody of federal authorities." Finally, the Bureau said that a "concurrent designation is not consistent with the goals of the criminal justice system, Bureau of Prisons policy or federal statute."

16. The Bureau did not ask Judge Zapata for his views on the question whether a *nunc pro tunc* designation was appropriate. Nor did it address in its response Mr. Chesmore's contention that he had fully satisfied the revocation sentence.

17. Mr. Chesmore responded with a written request to the Bureau to reconsider the denial of this request for a *nunc pro tunc* designation. (This response is attached as Exhibit B.) The Bureau did not respond to this written request in writing, but informed Mr. Chesmore's counsel by telephone that the request was denied.

### Parties, Jurisdiction, and Venue

18. Petitioner William Doyal Chesmore is subject to future federal custody by virtue of the detainer lodged by respondent David Gonzales at the request of respondent U.S. Bureau of Prisons Designation and Sentence Computation Center (DSCC). Respondent Charles Ryan, as director of the Arizona Department of Corrections,

19. This Court has jurisdiction under 28 U.S.C. § 2241(c)(3) to challenge the future custody of federal officials on the ground that that custody violates the laws of the United States. *See Maleng v. Cook*, 490 U.S. 488, 493–94 (1989) (federal prisoner may challenge future state custody because of the detainer lodged by state officials). This Court also has jurisdiction to declare that Mr. Chesmore has fully satisfied his revocation sentence under 28 U.S.C. § 2201.

20. Venue is proper in the Phoenix division of this Court because, on information and belief, the actions surrounding the lodging of the detainer with the Department of Corrections took place in Maricopa County, Arizona. Respondent David Gonzales and Respondent Charles Ryan have their principal places of business in Maricopa County. The directives issued by the DSCC were carried out in Maricopa County. Thus the acts and omissions underlying the claims in this petition substantially took place in Maricopa County.

**Claim One—Mr. Chesmore Has Fully Satisfied the
Revocation Sentence Imposed by Judge Zapata,
and Any Future Federal Custody Would Illegally Exceed
What He Has Authorized**

21. The preceding paragraphs are fully incorporated herein by reference.

22. Mr. Chesmore contends that between November 28, 2017, and June 19, 2018, he was under the primary jurisdiction of federal officials.

   a. "The term primary jurisdiction in this context refers to the determination of priority of custody and service of sentence between state and federal sovereigns." *Taylor v. Reno*, 164 F.3d 440, 444 n.1 (9th Cir. 1998). In

general, the sovereign that arrests a defendant first acquires primary jurisdiction over him for purposes of trial and imprisonment. *See Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922).

    b. The sovereign with primary jurisdiction over a prisoner can transfer it to another sovereign by releasing the prisoner into the custody of the other sovereign with the intent to relinquish primary jurisdiction over him. *See Johnson v. Gill*, 883 F.3d 756, 765 (9th Cir. 2018). Transfer by means of a writ of habeas corpus *ad prosequendum*, for instance, does *not* transfer primary jurisdiction over a prisoner. *See Thomas v. Brewer*, 923 F.2d 1361, 1366–67 (9th Cir. 1991). But if a "defendant or a parolee or a probationer is released from actual physical custody, even for temporary purposes, he may be arrested, tried and convicted by any other such sovereign in the territory in which he may be without the consent of the first sovereign, which may have a judgment against him as yet unsatisfied or which may be seeking to try him." *Strand v. Schmittroth*, 251 F.2d 590, 599 (9th Cir. 1957) (en banc).

23. The State of Arizona acquired primary jurisdiction over Mr. Chesmore on May 7, 2017, when it arrested him on charges of possession of heroin in violation of Arizona law.

24. The State of Arizona relinquished primary federal custody over Mr. Chesmore on November 28, 2017, when it transferred him to the custody of the U.S. Marshals Service by order of the state sentencing judge. That transfer was not the result of a mistake on the part of state officials, but rather a deliberate act by order of a state judge and in an effort to have the state sentence run concurrent with any revocation sentence that Mr. Chesmore might receive. *Cf. Johnson*, 883 F.3d at

768–69 (holding that mistaken transfers to federal custody did not transfer primary jurisdiction away from state officials).

25. On April 11, 2018, Mr. Chesmore was sentenced to 6 months in federal custody as a sanction for violating his supervised release.

26. Mr. Chesmore remained in primary federal custody until June 19, 2018, when he was transferred to the custody of the Arizona Department of Corrections to serve his state sentence.

27. Mr. Chesmore has thus spent a total of 6 months and 22 days under the primary jurisdiction of federal officials, and fully satisfied the revocation sentence imposed by Judge Zapata.

28. As a result, there is no legal basis for any future federal custody once Mr. Chesmore is released from the custody of the Arizona Department of Corrections.

29. A detainer is a request made by officials of one prison system to the officials of another, asking for a particular prisoner to be transferred to the requesting prison officials upon his release from the place where the prisoner is presently housed. *See generally United States v. Mauro*, 436 U.S. 340, 358 (1978). Here, the detainer that respondent Gonzales has lodged with respondent Ryan, at the request of respondent DSCC, manifests respondent Gonzales's intent to acquire illegal future custody over Mr. Chesmore. Because the detainer requests such illegal future custody, it must be quashed.

### Claim Two—The Bureau of Prisons's Refusal to Grant Mr. Chesmore a *Nunc Pro Tunc* Designation Was Illegal Because He Has Fully Satisfied the Revocation Sentence

30. The preceding paragraphs are fully incorporated herein by reference.

31. Judge Zapata sentenced Mr. Chesmore to 6 months in federal custody as a sanction for violating the terms of his supervised release. Mr. Chesmore served more than 6 months under the primary jurisdiction of federal officials when state officials relinquished primary jurisdiction over him to the U.S. Marshals Service so that Judge Zapata could process the petition to revoke Mr. Chesmore's supervised release. As a result, Mr. Chesmore was in federal custody from November 28, 2017, to June 19, 2018, a period of 6 months and 22 days.

32. Respondent DSCC had all of the information necessary to conclude that Mr. Chesmore had satisfied the revocation sentence imposed by Judge Zapata when it considered his request for a *nunc pro tunc* designation. It should therefore have granted his request in order to properly implement the revocation sentence under the circumstances described here.

33. DSCC's failure to conclude that future custody was not authorized under the terms of the revocation sentence that Judge Zapata imposed was arbitrary, capricious, and contrary to law. Respondent DSCC's failure to grant Mr. Chesmore's request for a *nunc pro tunc* designation, and thus to release the detainer that respondent Gonzales has lodged with respondent Ryan, was thus arbitrary, capricious, and contrary to law.

### Prayer for Relief

34. Mr. Chesmore has fully satisfied the 6-month sentence imposed by Judge Zapata as a sanction for violating the terms of his supervised release. Any future custody

that may result from executing the detainer that respondent Gonzales has lodged with respondent Ryan at the direction of respondent DSCC is thus illegal. Mr. Chesmore thus respectfully asks the Court to:

a. order the respondents to respond to this petition;

b. grant Mr. Chesmore leave to file a reply in support of the petition;

c. grant Mr. Chesmore leave to conduct discovery and hold an evidentiary hearing, if those steps are necessary to fully litigate the claims in this petition;

d. declare that Mr. Chesmore has fully served the revocation sentence imposed by Judge Zapata on April 11, 2018;

e. direct respondents Gonzales and DSCC to rescind or quash the detainer lodged with respondent Ryan, or in the alternative direct respondent Ryan not to comply with it; and

f. grant any other relief that is just and appropriate under the circumstances.

Respectfully submitted:            February 22, 2019.

JON M. SANDS
Federal Public Defender

 s/Keith J. Hilzendeger
KEITH J. HILZENDEGER
Assistant Federal Public Defender
*Attorney for Petitioner Chesmore*